**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0431n.06
Filed: July 18, 2008

No. 07-1585

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: DOW CORNING CORPORATION, | **)** | |
| | **)** | |
| **Reorganized Debtor,** | **)** | |
| | **)** | **ON APPEAL** FROM THE UNITED |
| LOU ANNE LAVENDER PERKINS, | **)** | STATES DISTRICT COURT FOR THE |
| | **)** | EASTERN DISTRICT OF MICHIGAN |
| **Plaintiff-Appellant** | **)** | |
| | **)** | **OPINION** |
| v. | **)** | |
| | **)** | |
| DCC LITIGATION FACILITY, INC. | **)** | |
| | | |
| **Defendant-Appellee.** | | |

BEFORE:    MOORE and MCKEAGUE, Circuit Judges; SCHWARZER,[*] District Judge.

**WILLIAM W SCHWARZER, District Judge**.  Lou Anne Lavender Perkins, a member

of a class of breast implant claimants, moved to opt out of the Settlement Facility–Dow Corning

Trust after the opt-out deadline had elapsed.  Under the Amended Joint Plan of Reorganization

for Dow Corning Corporation, claimants had the option to settle or to elect to opt out of the

settlement under the Settlement Facility and proceed with litigation against the Litigation

Facility.  Claimants electing to pursue litigation instead of participating in the settlement program

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

"must make their election by completing, signing and returning the Participation Form to the Claims Office on or before the six (6)-month anniversary of the Effective Date ("Election Deadline")." (Settlement Fund and Distribution Agreement, Annex A. Art.3.02(c)(v)). The Election Deadline was November 29, 2004.

Perkins did not submit a participation form. In her motion, she argued that she never received a form. However, a claim form packet was mailed to Perkins' attorney at his last known address and when it was returned as undeliverable, another packet was sent to Perkins at her last known address, which again was returned as undeliverable. Perkins claims that she notified the Settlement Facility of her address, but the only communication from her prior to the November deadline was an e-mail addressed to the Tort Claimants' Committee. Not until February 2005 did she contact the Settlement Facility to give her new address. In September 2005, she notified the Settlement Facility of another new address but she never filed a claim form.

The District Court had jurisdiction under the Plan of Reorganization to resolve controversies regarding the interpretation and implementation of the Plan. The Court denied Perkins' motion. It held that the plain and ordinary meaning of the word "must" as set forth in the Plan is that claimants are required to affirmatively elect to litigate and to complete and return the participation form by the election deadline, and that the requirement is mandatory and not discretionary. The Court further found that the failure of Perkins and her attorneys to provide the Settlement Facility with her current address did not constitute excusable neglect. We agree with the District Court and adopt its well-reasoned opinion and order.

For the reasons stated, we **AFFIRM** the judgment of the district court.

2